UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JULIE P.,[1]                                      Case No. 23-cv-2980 (LMP/ECW)

                    Plaintiff,

v.

                                                  **ORDER ADOPTING REPORT AND**
MARTIN J. O'MALLEY,                               **RECOMMENDATION**
Commissioner of Social Security
Administration,

                    Defendant.

---

Clifford Michael Farrell**,** Manring & Farrell, Dublin, OH, and Edward C. Olson, Reitan
Law Office, Minneapolis, MN, for Plaintiff.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, and James D. Sides,
Molly Barry, Sophie Doroba, Social Security Administration, Baltimore, MD, for
Defendant.

    Plaintiff Julie P. objects to United States Magistrate Judge Elizabeth Cowan

Wright's Report and Recommendation ("R&R") that this Court uphold the decision of an

Administrative Law Judge ("ALJ") of the Social Security Administration (the

"Administration") denying her application for supplemental security income.  For the

reasons addressed below, the Court overrules Julie P.'s objections and adopts the R&R.

## BACKGROUND

    The facts of this case are described extensively in the R&R.  ECF No. 17 at 2–14.

Julie P. does not specifically object to the R&R's statement of facts, and the Court thus

---

[1]  This District has adopted the policy of using only the first name and last initial of any
nongovernmental parties in Social Security opinions.

adopts those statements in full and will briefly summarize the relevant background information here.

Julie P. applied for supplemental security income in October 2021, asserting that she was disabled due to major depression and anxiety. ECF No. 13 at 291, 325. After her application was initially denied, *id.* at 112, a hearing was held, and an ALJ issued a decision concluding that Julie P. did not meet the definition of disabled under the Social Security Act, 42 U.S.C. § 423(d)(2)(A), because Julie P. has the residual functional capacity ("RFC") "to perform light work," under the following mental restrictions:

> the individual can understand, carryout, and remember simple instructions, and use judgment as necessary to complete simple, routine, and repetitive tasks; the individual can adapt to and manage changes in a routine work setting, such as changes in processes and products that can be learned in a manner and time consistent with SVP [specific vocational preparation] 1 or SVP 2 work; regarding social interactions, the individual can respond appropriately to supervision, co-workers, and usual work situations, but no complex team work or other social interaction requiring a code lower than "8" on the people scale of the DOT, 1991 revised edition. Also, pose a pace restriction, as follows, able to meet the production standards of simple, routine, and repetitive work, but no assembly line work or other work similarly requiring varying fast pace.

ECF No. 13 at 117. In reaching this conclusion, the ALJ considered and credited the medical opinions of two psychological consultants which—as relevant here—both recommended that Julie P. should be limited to "brief" and "superficial" interactions and "infrequent" change. *Id.* at 123, 189, 200. The ALJ explained that although he credited the psychological consultants' opinions, he "used different vocational terminology than the State Agency psychological consultants." *Id.* at 123.

After a vocational expert testified, the ALJ found that there are jobs in the national workforce which Julie P. could perform even considering the limitations of her RFC. Accordingly, the ALJ determined that Julie P. is not disabled for purposes of eligibility to receive supplemental security income benefits. *Id.* at 123–24. After the Administration's Appeals Council denied her request for review, *id.* at 4–8, Julie P. sought review of the ALJ's decision in this Court, ECF No. 1. Magistrate Judge Wright issued an R&R recommending that the Court deny Julie P.'s request and dismiss her complaint because the ALJ's decision is supported by substantial evidence. ECF No. 17 at 26–27. Julie P. now objects to the R&R. ECF No. 20.

## DISCUSSION

After an R&R is filed, any party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Those portions of the R&R that are properly and specifically objected to are reviewed by the Court de novo. Fed. R. Civ. P. 72(b)(3).

"A court reviewing a denial of benefits decides only whether the decision complied with the law and whether the findings are supported by substantial evidence." *Jennifer L. v. Kijakazi*, No. 22-cv-3018 (JRT/DJF), 2024 WL 165249, at *2 (D. Minn. Jan. 16, 2024) (citing 42 U.S.C. § 405(g)); *accord McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (citation omitted). Substantial evidence is "more than a mere scintilla," but the "threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). Thus, if there is such "evidence as a reasonable mind might accept as adequate to support a conclusion," the ALJ's decision must stand. *Id.* (citations omitted).

Here, Julie P. asserts that the Magistrate Judge erred in finding that the ALJ's determination was supported by substantial evidence because the ALJ did not adequately account for the psychological consultants' recommendation that Julie P. be limited to "brief" and "superficial" work and "infrequent" change.  ECF No. 20 at 2–5.  The Court disagrees.

An ALJ considering whether to deny or grant disability benefits is tasked, in part, with determining a claimant's RFC, which is what "'[the claimant] can still do' despite his or her 'limitations.'"  *Lauer v. Apfel*, 245 F.3d 700, 703 (8th Cir. 2001) (quoting 20 C.F.R. § 404.1545(a)) (alteration in original).  While an RFC is a medical determination, an ALJ need not defer entirely to medical professionals but instead must consider "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations."  *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (internal quotation marks and citation omitted).  And, notably, an ALJ is not required to formulate an RFC using the specific limitations or wording suggested by medical experts, so long as the RFC appropriately accounts for those limitations.  *See, e.g.*, *Lane v. O'Malley*, No. 23-1432, 2024 WL 302395, at *1 (8th Cir. Jan. 26, 2024) (declining to discredit an RFC simply because the RFC adopted different terminology than that used by the medical experts); *Jennifer L.*, 2024 WL 165249, at *3 ("[T]he ALJ was not required to use [the psychological consultants'] exact language.") (citation omitted); *Jordan v. O'Malley*, No. 23-cv-1543 (JRT/JFD), 2024 WL 4199133, at *3 (D. Minn. Sept. 16, 2024) ("But the ALJ was not required to frame [the plaintiff's] social impairments with the term 'superficial' in the RFC even if two of [the plaintiff's]

psychologists used that term to describe his limitations in their opinions.") (citation omitted).

It is true, as Julie P. argues, that the ALJ here did not adopt the precise terminology used by the psychological consultants.   But the ALJ adequately incorporated the consultants' proposed limitations and was not required to adopt the consultants' exact terminology.  *See, e.g.*, *Jennifer L.*, 2024 WL 165249, at *3.  For example, the consultants' recommendation that Julie P. be limited to "infrequent" change is explicitly found in the RFC, which concludes that Julie P. be limited to unskilled jobs requiring "simple, routine, and repetitive tasks" and not jobs requiring "varying fast pace."  ECF No. 13 at 117.  And the consultants' recommendation that Julie P. be limited to "brief" and "superficial" social interactions is incorporated into the RFC's conclusion that she not be required to do "complex team work" that requires anything lower than an "8" on the DOT's people scale. *Id.*  As many courts have explained, an "8" references the lowest level of social interaction on the DOT scale and is consistent with brief and superficial social interactions.  *See* ECF No. 17 at 23–24 (collecting cases).  Thus, instead of parroting the consultants' language, the ALJ merely "expounded on the definition of 'superficial' in the context of [Julie P.'s] RFC . . . describing how a vocational expert might incorporate the limitation into the expert's evaluation of whether jobs exist in the national economy that are consistent with [Julie P.'s] functional limitations." *Jamie E. v. Kijakazi*, No. 22-cv-2393 (ECT/JFD), 2023 WL 5021807, at *2 (D. Minn. Aug. 7, 2023).

Notably, Julie P.'s precise argument has been consistently rejected by district courts, including this Court.  *See, e.g.*, *id.* at *2 (finding that "brief" and "superficial" limitations

were incorporated into RFC that limited claimant to jobs under DOT Code "8"); *Jennifer L.*, 2024 WL 165249, at *3 (finding that ALJ's language adequately incorporated "superficial" limitation"); *Jennifer O. v. O'Malley*, No. 22-cv-2273 (KMM/ECW), 2024 WL 86277, at *4 (D. Minn. Jan. 8, 2024) (noting that "limitations regarding social interactions in the workplace are commonplace in unskilled work that involves dealing primarily with objects, rather than with data or people, which is the type of work that the ALJ recommended") (internal quotation marks and citation omitted); *Katie R. v. O'Malley*, No. 23-cv-1139 (PAM/DLM), 2024 WL 1050822, at *3 (D. Minn. Mar. 11, 2024) ("The ALJ did not err in defining what he meant by 'superficial' with reference to the DOT code."); *see also* ECF No. 17 at 22–23 (collecting cases). Like those cases, the Court fails to see a material distinction between the consultants' recommendations and the RFC's ultimate limitations and rejects Julie P.'s attempt to create a "manufactured inconsistency" between the two. *Lane*, 2024 WL 302395, at *1.

Because the ALJ's decision to deny Julie P.'s application for benefits was supported by substantial evidence, the ALJ did not err. Accordingly, the Court adopts the R&R, overrules Julie P.'s objections, and affirms the Defendant's final decision.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (ECF No. 17) is **ADOPTED**;

2. Plaintiff's Objections (ECF No. 20) are **OVERRULED**;

3. Plaintiff's Request for Relief (ECF No. 14) is **DENIED**;

4. Defendant's Request for Relief (ECF No. 16) is **GRANTED**;

5. The Administration's Decision is **AFFIRMED**; and

6. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 25, 2024                    *s/Laura M. Provinzino*
                                            Laura M. Provinzino
                                            United States District Judge